**JOHN L. BURRIS, Esq. SBN 69888**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff
**ADANTE D. POINTER**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADANTE D. POINTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF OAKLAND, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On December 26, 2017, at approximately 7:00 p.m., Civil Rights Attorney Adante D. Pointer was driving alone down International Blvd., in San Leandro, California. Mr. Pointer was obeying all traffic laws and was not committing any crime or infraction. Nevertheless, yet-to-be-identified members of the Oakland Police Department pulled their patrol cars behind Mr. Pointer's late model Mercedes-Benz and activated their lights and sirens. Mr. Pointer immediately complied and safely pulled over towards the curb and stopped his car.

2. Multiple, yet-to-be-identified Oakland Police Officers began screaming conflicting commands at the car, while pointing guns at Mr. Pointer, who was terrified and confused. Mr. Pointer knew that if he followed the wrong set of instructions he would be shot and killed like so many others before him. Mr. Pointer responded to the conflicting directions by negotiating with the officers and deescalating the potentially deadly encounter himself.

3. Mr. Pointer got out of the car and was fully compliant. Mr. Pointer was forced to lay on the ground on his stomach and crawl backwards, while being held at gunpoint by multiple officers, knowing that any wrong move would end his life. Mr. Pointer was then handcuffed and put in the back of the patrol car, dirty, frightened and humiliated. Mr. Pointer was not immediately told why he was being detained. Mr. Pointer was ultimately released after a long detention and unlawful search of his car.

4. This action seeks to recover damages for the violation of Plaintiff's rights under federal law.

**JURISDICTION**

5. This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in San Leandro, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

6. Plaintiff ADANTE D. POINTER is, and at all times herein mentioned was a resident of Oakland, California and a natural person.

7. Defendant CITY OF OAKLAND (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of

California. Under its supervision, the CITY OF OAKLAND operates the Oakland Police Department ("OPD")

8. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend their complaint subject to further discovery.

9. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with CITY OF OAKLAND. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY OF OAKLAND.

**STATEMENT OF FACTS**

10. On December 26, 2017, the day after Christmas at approximately 7:00 p.m., Civil Rights Attorney Adante D. Pointer was driving alone in his late model Mercedes-Benz down International Blvd., in San Leandro, California. Mr. Pointer was committing no crime or infraction.

11. Nevertheless, yet-to-be-identified members of the Oakland Police Department got behind Mr. Pointer's car and activated their lights and sirens. Mr. Pointer immediately complied and safely

pulled over towards the curb.

12. From his rear and side-view mirrors he could see multiple, yet-to-be-identified Oakland Police Officers pointing their weapons at his car all the while screaming profanities and conflicting commands. The Officers repeatedly yelled at him to "put your fucking hands up now" "don't you fucking move" and to "get out of the fucking car now" at the same time. Bewildered as to why the Officers had decided to pulled him over, point their guns at him and threaten him with death, his mind flashed through many scenarios he had seen of police unloading their guns into motorists who made subtle movements. He was petrified and feared that he, like many African-American men before him, would not survive this dangerous encounter.

13. Mr. Pointer was forced to respond to the numerous conflicting commands by negotiating with the officers and deescalating the potentially deadly encounter himself. He pled with the officers to tell him what he had done. In response, the Officers repeated their conflicting commands to get out the fucking car and to not fucking move. The Officers then proceeded to demand that Mr. Pointer roll down the driver side window, turn off the car and throw his keys out the window. In turn, Mr. Pointer explained that in order to roll down his window he would need to move his hands from above his head and reach into the car and that his car key was in his pants pocket. The Officers permitted him to roll down the window, reach into his pocket and throw the car key out onto the ground while continuing to hold him under gun point while screaming at him to "hurry up and get out of the fucking car!"

14. Next, Mr. Pointer slowly exited the car with his hands raised high above his head, as his life flashed before his eyes. Despite being unarmed, fully compliant and telling the Officers he was an attorney, the Officers continued to point their guns at him while yelling at him to get on the fucking ground! Mr. Pointer complied. He first got down on his knees and then laid flat on his stomach. The Officers then ordered him to crawl backwards approximately 15 feet, all the while still being held at

gunpoint by numerous officers. A humiliated and frightened Mr. Pointer was then handcuffed and put in the back of a patrol car.

15. Despite Mr. Pointer's numerous requests, none of the Officers told Mr. Pointer why he was being detained at gun point or what crime he was suspected of committing. Instead, he was left in the back of the patrol car while Mr. Pointer watched as the officers continued to point their guns at his now empty car while demanding the passengers get out. Mr. Pointer felt his blood boil as he imagined his two infant sons being stuck in the car without him under threat of being shot to death due to the Officers' reckless and potentially lethal conduct. Fortunately, their car seats where the only two things left in the passenger compartment of the car and they were safe and sound at home. The Officers approached the car, guns drawn and confirmed no one else was in the car.

16. Several minutes passed as the Officers intermittently asked Mr. Pointer questions and supposedly conducted their investigation. At some point in time, an Officer told Mr. Pointer they pulled him over because his car supposedly matched the description of a suspect that had reportedly brandished an AK-47 earlier that day somewhere in Oakland. Mr. Pointer remained handcuffed while he watched the Officers unlawfully search the passenger compartment and trunk of his car. Members of the Oakland Police Department command staff were present during the unlawful search.

17. Having found no weapons or evidence of any criminal activity, the Officers eventually released Mr. Pointer from custody after what felt like an eternity. A commanding officer told Mr. Pointer he was stopped due to his car fitting the description of the car driven by someone who fired an AK-47 out of a silver car earlier that day.

18. A Government Tort Claim and Citizen's Complaint were filed in relationship to this incident. The Oakland Police Department conducted an Internal Affairs investigation into this incident and found the Officers' not only unlawfully searched Mr. Pointer's trunk but failed to accurately report

the incident in their police reports, in addition to other officer misconduct.

19.  Plaintiff is informed and believe and thereon allege that CITY OF OAKLAND, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein, namely an unlawful search and seizure of Mr. Pointer and his property, fabrication of the Officers official police reports. Their failure to discipline Defendant DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the violation of individuals constitutional rights, by DOES 1-25's inclusive.

20. Plaintiff is informed, believe and theron allege that CITY possessed knowledge of prior incidents of unlawful search and seizure as well fabrication of the associated police reports yet failed to discipline the responsible officers some or all took part in the incident concerning Mr. Pointer. Plaintiff is further informed and believes this same group of officers have engaged in a repetaed pattern and practice of conducting unlawful detentions, seizures and searches without probable cause and then fabricate their police reports in order to cover up their misdeeds and civil rights violations.

21. Plaintiff is informed, believes and thereon alleges that members of the CITY OF OAKLAND Police Department, including, but not limited to DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another have conducted unlawful, arbitrary and/or unreasonable searches and seizures against Plaintiff and others.

22. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of OAKLAND, the CITY

has allowed persons to be abused by its Police Officer including Defendants and DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

23.  Plaintiff is informed, believes and therein alleges that City of OAKLAND Police Department exhibits a pattern and practice of violating the Fourth Amendment and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. OAKLAND Police Department's failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting injuries are a proximate result of the OAKLAND Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct.

24. Plaintiff is informed, believes and therein alleges that CITY OF OAKLAND knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

25. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## **DAMAGES**

26. Plaintiff was emotionally injured and damaged as a proximate result of this egregious and unwarranted Fourth Amendment violation, including but not limited to: Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights

under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

# FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (Plaintiff Against DOES 1-25 inclusive)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint. Defendants' above-described conduct violated Plaintiff's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

29. Plaintiff Pointer was forced to endure emotional injury and degradation of his standing as a United States Citizen, as a result of Defendant DOES' unconstitutional conduct;

30. Defendant acted under color of law by seizing Mr. Pointer, at gunpoint, without lawful Justification, detaining him for an unreasonable amount of time, placing him in handcuffs, denying his free movement and unlawfully searching his car thereby depriving him of his right to be free from unreasonable searches and seizures. The rights violated by Defendant DOES include, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

### (Plaintiff Against CITY and DOES 26-50)

31. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF OAKLAND officials and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about Oakland Police Officers' repeated acts of unconstitutional Fourth Amendment search and seizure violations along with fabricating the attendant police reports to cover-up their misdeeds.

33. Despite having such notice, Plaintiff is informed and believes and thereon Alleges that CITY OF OAKLAND & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by OAKLAND Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendant DOES 1-25 unlawful search and seizure of Plaintiff.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

35. Plaintiff further alleges that Defendant DOES 26-50, and/or each of

them, were on notice of the Constitutional defects in their training of OAKLAND Police Officers, including, but not limited to unlawfully searching and seizing individuals without lawful justification.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF OAKLAND officials, including high ranking OAKLAND Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For injunctive relief, up to and including training and/or retraining regarding high-risk vehicle stops; disciplining the Officers that engaged in the complained of conduct; enactment of policy requiring disciplinary action for Fourth Amendment search and seizure violations;

2. For general damages in a sum to be determined at trial;

3. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendant DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

Dated:  December 26, 2019               THE LAW OFFICES OF JOHN L. BURRIS

  /s/ JOHN L. BURRIS
 JOHN L. BURRIS
 MELISSA C. NOLD
 Attorneys for Plaintiff